# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

BILL MELOT,

       **Plaintiff,**

v.                                                          CIV 14-0687 LAM/GBW

INTERNAL REVENUE SERVICE,
DANIEL WERFEL, ACTING IRS
COMMISSIONER,

       **Defendants.**

## ORDER GRANTING IN PART UNITED STATES' MOTION TO DISMISS

     **THIS MATTER** is before the Court on the ***United States' Motion to Dismiss Case With Prejudice*** *(Doc. 7)*, filed October 20, 2014. Plaintiff filed a response to the motion on November 3, 2014 [*Doc. 15*], and the United States filed a reply on November 12, 2014 [*Doc. 16*]. The parties have consented to the undersigned to conduct any and all proceedings in this case, including the entry of a final judgment, pursuant to 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b). *See* [*Docs. 4* and *10*]. Having reviewed the motion, response, reply, record of the case, and relevant law, the Court **FINDS** that the motion should be **GRANTED in part** and Plaintiff's claims should be **DISMISSED without prejudice**.

     Plaintiff is proceeding *pro se*, so the Court will construe his pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). On June 19, 2014, Plaintiff filed a complaint in state court to quiet title and to occupy certain properties, and to cancel the tax liens filed on the properties. [*Doc. 1-2* at 1-4]. Specifically, in his complaint Plaintiff asks the Court to order that the liens and notices of liens on the properties listed in the complaint be cancelled, and that Defendants and their agents be restrained "from asserting, claiming, or setting up any right, title

or interest in the real estate under the Tax Liens," and to issue an "Order of right to occupy the properties at issue." *Id.* at 4.  Plaintiff states that the Court has jurisdiction over his claims to quiet title pursuant to 28 U.S.C. § 2410(a)(1).  *Id.*  On August 6, 2014, the United States removed Plaintiff's state court case to this Court, pursuant to 28 U.S.C. §§ 1441, 1442(a)(1) and 1444.  [*Doc. 1* at 4].  The United States contends that it is the real party in interest because the Internal Revenue Service (hereinafter "IRS") is a named defendant and Mr. Werfel is being sued for acts done in his official capacity as the IRS Commissioner.  [*Doc. 7* at 8] (citing *Blackmar v. Guerre*, 342 U.S. 512, 514 (1952) and *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989)).

In its motion to dismiss, the United States asks the Court to dismiss this case under Fed. R. Civ. P. 12(b)(1) (lack of subject-matter jurisdiction), (b)(2) (lack of personal jurisdiction), (b)(5) (insufficient service of process), and (b)(6) (failure to state a claim upon which relief can be granted).  [*Doc. 7* at 1].  In the alternative, the United States moves for summary judgment on the ground of *res judicata*.  *Id.*  Specifically, the United States contends that the Anti-Injunction Act, 26 U.S.C. § 7421(a), bars this action because restraining the IRS and its employees from enforcing the federal tax liens and collecting Plaintiff's outstanding tax liabilities would interfere with the public administration and collection process of the United States.  *Id.* at 8-9.  Second, the United States contends that Plaintiff failed to properly serve the United States with a summons or a copy of the complaint.  *Id.* at 9-10.  Third, the United States contends that Plaintiff's complaint fails to state a claim upon which relief may be granted because this Court has already validated the filed federal tax liens against Plaintiff and ordered the real property sold in Case No. 09-CV-752 JCH/WPL.  *Id.* at 10.  The United States contends that *res judicata* applies to this case and Plaintiff is, therefore, precluded from

contesting the same federal tax liens and seeking to quiet title to the same properties that were involved in Case No. 09-CV-752.  *Id.* at 11.  The United States further contends that Plaintiff is also precluded from seeking the right to occupy the properties at issue because this Court ruled on that cause of action in Case No. 09-CV-752 by ordering the tax liens foreclosed against the properties and ordering the properties sold, and by ordering that Plaintiff's wife and all other family members vacate the properties.  *Id.* at 12.

In response, Plaintiff states that he agrees that the real party in interest is the United States, but contends that, by the United States entering its appearance, it is unnecessary to issue a summons because the United States is automatically a party once the civil action is commenced.  [*Doc. 15* at 1-2].  Plaintiff claims that the Anti-Injunction Act does not bar this case because "the case at bar is not challenging the underlying assessment," but "[t]he suit to Quiet Title challenges the dispute that the properties at issue have not been rightfully purchased, the Government has failed to produce proof of any sale, i.e., no Certificate of Deposit, no Credit toward the Melot's [sic] alleged tax liability."  *Id.* at 2.  Plaintiff next contends that he served Mr. Werfel by Certified Mail, and that the United States has been alerted to the suit so it would serve no real purpose to stop the litigation so that Plaintiff can complete service on the United States by serving the United States attorney with the complaint.  *Id.*  With regard to the United States' contention that *res judicata* applies to Plaintiff's claims, Plaintiff states that the decision in Case No. 09-CV-752 is not being re-litigated in this case because Plaintiff is seeking to quiet title to properties that were not sold as a result of Case No. 09-CV-752.  *Id.* at 3.

In reply, the United States contends that Plaintiff's statement that the is challenging whether the properties have been rightfully purchased or actually sold, and that Plaintiff and his wife have not received any credit on their tax liabilities, are issues directly implicating the

Court's decisions in Case No. 09-CV-752.  [*Doc. 16* at 1].  The United States contends that, in

Case No. 09-CV-752, the Court ordered the properties at issue in Plaintiff's complaint sold and

the proceeds from the sale paid to the United States.  *Id.* at 2.  The United States contends that, if

Plaintiff believes the United States has not properly complied with this Court's orders regarding

the sale of the properties, then Plaintiff should raise that issue in Case No. 09-CV-752, and that

Plaintiff has already challenged this Court's orders regarding the sale of the properties with the

Tenth Circuit Court of Appeals, which is the proper forum for review.  *Id.*  Therefore, the

United States contends that the Court does not have jurisdiction to review the orders from Case

No. 09-CV-752, and that Plaintiff is attempting to use this case to challenge and question the sale

of the properties because the Court in Case No. 09-CV-752 specifically ordered that Plaintiff and

his wife not file any further documents except for appeals due to their frivolous filings.  *Id.* at 2-3

(citing Exhibit 7 at 8).

### *1.  Proper Parties*

First, the Court finds that the United States is the proper defendant in this case because

the suit is brought against the IRS and the acting IRS Commissioner in his official capacity.  *See*

*Abell v. Sothen*, No. 06-1165, 214 Fed. Appx. 743, 750-51, 2007 WL 172207 (10th Cir.

Jan. 24, 2007) (unpublished) (affirming district court's substitution of the United States for the

IRS and IRS agents in their official capacities).  Thus, the United States shall be substituted for

the Internal Revenue Service and for Mr. Werfel as the proper Defendant in this case.

### *2.  Anti-Injunction Act*

Next, the Court considers the United States' contention that the Anti-Injunction Act bars

this action.  [*Doc. 7* at 8-9].  The Tenth Circuit has held that the Anti-Injunction Act precludes a

suit seeking an injunction prohibiting the government from enforcing its federal tax liens, and

that such a suit is properly dismissed for lack of subject matter jurisdiction.  *See Jacob v. United States*, No. 94-2127, 39 F.3d 1191, 1994 WL 596798, *1 (10th Cir. Nov. 2, 1994) (unpublished) ("[N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person.") (citing 26 U.S.C. § 7421(a)).

Plaintiff's complaint asks the Court to cancel the liens and notices of liens regarding the properties listed in the complaint.  *See* [*Doc. 1-2*].  These properties are the same properties at issue in Case No. 09-CV-752 (*compare Doc. 1-2* at 2-3, *with Doc. 7* at 3 (citing Exhibit 1 at 15)) and, in Case No. 09-CV-752, the Court ordered that the United States was entitled to foreclose its tax liens against those properties, and entered an order confirming the sale of the same properties (*see Doc. 7*, Exhibit 1 at 27 (*Doc. 141* in Case No. 09-CV-752) and *Doc. 16*, Exhibit 5 (*Doc. 448* in Case No. 09-CV-752)).  Thus, Plaintiff is asking the Court to prohibit the United States from enforcing its liens, which is expressly prohibited by the Anti-Injunction Act. Plaintiff contends that the Anti-Injunction Act does not preclude his suit because "the case at bar is not challenging the underlying assessment," but "[t]he suit to Quiet Title challenges the dispute that the properties at issue have not been rightfully purchased, the Government has failed to produce proof of any sale, i.e., no Certificate of Deposit, no Credit toward the Melot's [sic] alleged tax liability."  [*Doc. 15* at 2].  First, the Court finds no merit to Plaintiff's explanation in his response brief of what the claims are in his complaint because Plaintiff does not state in his complaint that he is challenging the sale of the properties based on a failure by the United States to produce a proof of sale or proof of credit towards Plaintiff's alleged tax liability. Nevertheless, even if the Court considers Plaintiff's statement that he is challenging the sale of the properties based on the government's failure to produce a proof of sale or proof of credit toward Plaintiff's tax liability, the proper forum for such a request would be in Case

No. 09-CV-752, which is the case that ordered the sale of the properties and the application of the proceeds of the sale to Plaintiff's tax liability. *See* [*Doc. 7* at Exhibit 1, page 27].  Any action in this case that would affect any of the orders entered in that case would be improper. Therefore, to the extent Plaintiff is seeking an injunction regarding the enforcement of the tax liens on the properties listed in his complaint, the Court finds that Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction because it is barred by the Anti-Injunction Act. *See Jacob*, 1994 WL 596798 at *1 (rejecting the plaintiff's attempt to overcome the statutory bar of the Anti-Injunction Act "by calling his action a property dispute," because "the relief he seeks is an injunction prohibiting the government from enforcing its federal tax liens, and the purpose of his suit is to restrain the assessment or collection of federal taxes [and, t]herefore the Anti-Injunction Act applies, and the district court properly dismissed Mr. Jacob's action for lack of subject matter jurisdiction") (citation omitted); *see also Overton v. United States*, 925 F.2d 1282, 1284-85 (10th Cir. 1991) (finding that taxpayer's action based on alleged malicious filing of notice of federal tax lien was barred by the Anti-Injunction Act), and *Lonsdale v. United States*, 919 F.2d 1440, 1442 (10th Cir. 1990) (rejecting the plaintiffs' attempt to avoid the jurisdictional restrictions of the Anti-Injunction Act by characterizing their action as one to quiet title and by alleging jurisdiction under 28 U.S.C. § 2410(a)).   To the extent Plaintiff is seeking an accounting regarding the sale of the properties listed in his complaint, the Court finds that Plaintiff's complaint should be dismissed without prejudice because the proper forum for such a motion would be in Case No. 09-CV-752.

For these reasons, the Court will grant the United States' motion to dismiss for lack of subject matter jurisdiction.  However, the Court will dismiss this case without prejudice as to Plaintiff's statement that he is seeking an accounting relating to the sale of the properties in Case

No. 09-CV-752. *See Wade v. Regional Director*, No. 11-4184, 504 Fed. Appx. 748, 752, 2012 WL 6040739 (10th Cir. Dec. 5, 2012) (unpublished) (remanding to district court to clarify that the petition that was barred by the Anti-Injunction Act was dismissed without prejudice for lack of subject matter jurisdiction). Because the Court finds that it does not have subject matter jurisdiction over this matter, the Court does not consider the United States' contentions that Plaintiff failed to properly serve the United States and that Plaintiff's claims are barred by failure to state a claim and *res judicata*. *See id.* ("In light of our determination that the Anti-Injunction Act barred Mr. Wade's mandamus claim we need not address his other arguments.").

 **IT IS THEREFORE ORDERED** that the *United States' Motion to Dismiss Case With Prejudice (Doc. 7)* is **GRANTED in part** and this case shall be **DISMISSED without prejudice** as set forth herein.

 **IT IS SO ORDERED**.


*Lourdes A. Martínez*
_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**